ORIGINAL

# In the United States Court of Federal Claims

Pro Se
No. 15-66C
(Filed: August 4, 2015)

FILED

AUG – 4 2015

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| YVONNE HICKMAN, ) | |
| ) | |
| Plaintiff, ) | Tucker Act; 28 U.S.C. § 1491; Subject |
| ) | Matter Jurisdiction; RCFC 12(b)(1); |
| v. ) | Veterans Benefits; Motion for Recusal; 28 |
| ) | U.S.C. § 455(a) |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

*Yvonne Hickman*, Glen Burnie, MD, plaintiff pro se.

*Matthew P. Roche*, Trial Attorney, with whom were *Reginald T. Blades, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Benjamin C. Mizer*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

### OPINION AND ORDER

The plaintiff in this case, Yvonne Hickman, appearing pro se, contends that the government engaged in a pattern and practice of civil rights violations and conspired to deprive her of due process of law and equal protection under the Fourteenth Amendment of the United States Constitution. Compl. ¶ 3. According to Ms. Hickman, the United States Department of Veterans Affairs ("VA"), relying on what she claims was a fraudulently obtained divorce from her service-disabled husband, wrongfully denied or interfered with her "marital property rights, spousal benefits and apportionment pay." Compl. ¶ 4. She claims entitlement to monetary damages pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, as well as damages for interfering with her civil rights pursuant to 28 U.S.C. § 1343(a)(1)-(4) and 42 U.S.C § 1985(3). Compl. ¶¶ 3, 8.

This case is currently before the Court on plaintiff's motion for recusal of the undersigned judge and the government's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims

("RCFC"). For the reasons set forth below, plaintiff's motion seeking recusal is **DENIED**, and the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.[1]

## BACKGROUND[2]

On September 10, 2007, the plaintiff married Nathaniel Hickman. Compl. Ex. B at 1. Mr. Hickman is a veteran of the Vietnam War who receives disability compensation benefits from the VA for 100% service-connected post-traumatic stress disorder. Id. at 2. On December 4, 2009, Ms. Hickman separated from Mr. Hickman. Id. at 4.

Thereafter, Ms. Hickman filed a claim for an apportionment of Mr. Hickman's VA benefits. See Compl. Ex. A at 1 (VA letter acknowledging claim dated February 22, 2010). On March 8, 2010, Ms. Hickman submitted a request that the VA appoint a guardian to assist Mr. Hickman in the handling of his affairs with the VA. Id. at 3 (Application for appointment of guardian). In a statement submitted in support of her request, she alleged that Mr. Hickman was not competent to manage his finances due to drug addiction and mental health problems. Id.

On April 1, 2010, the VA's Atlanta Regional Office awarded Ms. Hickman $150 per month as an apportionment of Mr. Hickman's VA benefits. Id. at 5. Thereafter, however, on August 4, 2010, Mr. Hickman sued Ms. Hickman for a divorce in the Superior Court of Glynn County, Georgia. Compl. Ex. B at 4-8 ("Domestic Relations Financial Affidavit"). Ms. Hickman did not appear for a final hearing on Mr. Hickman's divorce action, and a final judgment and decree of divorce was entered on September 13, 2011. Id. at 13.

In the meantime, before the divorce decree was issued, Ms. Hickman filed a claim for an increased apportionment of Mr. Hickman's benefits. Compl. Ex. A at 6 (August 29, 2011 letter from Atlanta Regional Office of the VA requesting additional information in connection with the claim for an increased apportionment). This increase was not granted; instead, in light of the Hickmans' divorce, the VA terminated Ms. Hickman's marital apportionment of Mr. Hickman's benefits. Comp. Ex. A at 9-11.

On October 15, 2012, the VA sent Ms. Hickman a letter providing her with an opportunity to dispute the termination of her marital apportionment. Id. After Ms. Hickman unsuccessfully appealed the termination with the VA's Atlanta Regional Office, id. at 12, Ms. Hickman sought review in the Board of Veterans' Appeals ("BVA"). Id. at 14. The disposition of that request for review is not apparent from the complaint or its accompanying attachments. On October 30, 2014, however, the VA Civilian Health and Medical program denied her claim for medical benefits because she was not eligible on the date that the service was claimed. Compl. ¶ 9; Compl. Ex. B at 14.

---

[1] Ms. Hickman has filed a motion to proceed in forma pauperis. The Court **GRANTS** that motion for purposes of deciding the pending motion to dismiss.

[2] The facts set forth in this section are based on the allegations in the complaint and the exhibits attached to the complaint, which are all accepted as true for purposes of deciding the government's motion to dismiss.

2

On January 23, 2015, Ms. Hickman filed this action. The government filed its motion to dismiss on March 26, 2015, ECF No. 6, to which Ms. Hickman responded on April 17, 2015, ECF No. 7. After the government filed its Reply Brief, ECF No. 8, Ms. Hickman sought to file a document styled "Plaintiff's Response to Defendant's Untimely Reply." The Court directed the Clerk to return this document to Ms. Hickman, in light of the fact that the Court's rules do not provide a right to file a surreply and Ms. Hickman had not sought leave of the Court to file such a document. Order 1, May 22, 2015, ECF No. 9. Plaintiff filed a response to the Court's order in which she contended that the defendant had been permitted to file a second motion to dismiss on April 8, 2015 without the Court's leave. Pl.'s Opp'n to Ct. Order at 1, June 15, 2015, ECF No. 10. Thereafter, on June 26, 2015, Ms. Hickman filed a motion requesting that the undersigned recuse herself from this case. Pl.'s Notice to Recuse Judge Kaplan, ECF No. 11 [hereinafter "Recusal Mot."].

## DISCUSSION

### I. Plaintiff's Motion for Recusal

As noted above, the plaintiff has filed a motion requesting that the undersigned recuse herself from this case. A judge must recuse herself "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This includes not only when there is actual bias or prejudice, but also when there is the appearance of partiality. Id. This is an objective test that mandates recusal "when a reasonable person, knowing all the facts, would question the judge's impartiality." Allphin v. United States, 758 F.3d 1336, 1344 (Fed. Cir. 2014) (quoting Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1568 (Fed. Cir. 1989)).

A judge is presumed to be impartial, and plaintiff bears a "heavy burden" of proving otherwise. See Baldwin Hardware Corp. v. Franksu Enter. Corp., 78 F.3d 550, 557 (Fed. Cir. 1996) (concluding appellants did not carry "the heavy burden" necessary to prove their recusal claim). In that regard, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." Liteky v. United States, 510 U.S. 540, 555 (1994).

In this case, Ms. Hickman has requested recusal on the grounds that the undersigned committed "intentional" legal error in "accept[ing] Defendant's untimely second motion without leave of court" and "fail[ing] to sanction Defendant's counsel as appropriate for his fraud upon the court" pursuant to RCFC 11(b). Recusal Mot. 1. According to plaintiff, these actions establish that the undersigned judge "cannot carry out the duties of adjudicating Plaintiff's case without committing a fraudulent act." Id.

Although not entirely clear, plaintiff's motion for recusal appears to have been provoked by the Court's May 22, 2015 order directing the return to plaintiff of the document lodged with the Clerk and styled "Plaintiff's Response to Defendant's Untimely Reply." See Order 1; Pl.'s Opp'n to Ct. Order at 1. Thus, she asserts that while the defendant was allegedly permitted to file a second motion to dismiss on April 8, 2015, without requesting the leave of court, plaintiff was not given a similar opportunity when she responded to "correct the record" in her "Response

3

to Defendant's Untimely Reply" which the Court directed the Clerk to return to her unfiled. Pl.'s Opp'n to Ct. Order at 1.

Plaintiff's basis for requesting recusal—that the defendant was allowed to file a second motion to dismiss on April 8, 2015 or file pleadings out of time—is not supported by the record. The government has filed only one motion to dismiss in this action and that motion was timely filed under the rules of this Court.[3]

In any event, as noted above, prior judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. Because a reasonable person would not question the undersigned's impartiality based on the matters raised by the plaintiff, the undersigned will not recuse herself from this case. Therefore, plaintiff's motion seeking recusal is **DENIED**.

## II. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

### A. Standard of Review for Motion to Dismiss

In deciding a motion to dismiss for lack of subject-matter jurisdiction, the Court presumes all undisputed factual allegations to be true and construes all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Jurisdiction is a threshold issue, and as such, "a court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." Ultra-Precision Mfg., Ltd. v. Ford Motor Co., 338 F.3d 1353, 1356 (Fed. Cir. 2003). The plaintiff bears the burden of establishing subject matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998), and must do so by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). If defendant challenges jurisdiction, the plaintiff cannot merely rely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction by a preponderance of the evidence. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Cedars-Sinai Medical Ctr. V. Watkins, 11 F.3d 1573, 1584 (1993).

While a pro se plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 500 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

---

[3] Plaintiff filed her complaint on January 23, 2015, and the defendant filed a motion to dismiss pursuant to RCFC 12(b)(1) on March 26, 2015 in accordance with RCFC 12(a)(1), which allows the defendant 60 days to file a responsive pleading to plaintiff's complaint. Under RCFC 7.2(b)(1), plaintiff had 28 days to file a response to defendant's motion, which she timely filed on April 17, 2015. Under RCFC 7.2(b)(2), defendant had 14 days to file a reply to plaintiff's response, which defendant timely filed on May 4, 2015. As stated in the Court's May 22, 2015 order, the rules do not provide for any other pleadings in connection with a motion to dismiss. Thus, plaintiff was required to ask the permission of the Court to file a response to the government's reply, which she did not do.

### B. Application of Standard in This Case

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." Mitchell, 463 U.S. at 216. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" Id. at 216-17 (quoting Testan, 424 U.S. at 400). In this case, Ms. Hickman has failed to meet her burden of demonstrating this Court's jurisdiction over her claims.

Ms. Hickman's primary contention is that the VA wrongfully terminated her marital apportionment and other VA benefits based on what she claims is an invalid divorce decree. Compl. ¶ 7. Pl.'s Resp. 5-6. Specifically, she contends that the divorce decree was fraudulent because her husband lacked legal capacity to represent himself at the time of the divorce and that the court granting the divorce was a lawyer sitting pro hac vice. Id.; Compl. ¶ 7; see also Ga. Code Ann § 15-6-14 (2015) (authorizing an attorney who is not a judge to "exercise all functions of a judge" in specified circumstances).

This Court, of course, lacks jurisdiction to review the validity of a divorce decree issued by a Georgia court under Georgia law. More to the point, this Court lacks jurisdiction over veterans' benefits claims. See 38 U.S.C. § 511(a) (stating that decisions by the Secretary are "final and conclusive and may not be reviewed by any other official or by any court," subject to certain exceptions); see also Trevino v. United States, 113 Fed. Cl. 204, 209 (2013) (holding that the United States Court of Federal Claims does not have jurisdiction over claims for denial of veterans' benefits), aff'd, 557 Fed. App'x 995 (Fed. Cir. 2014). Instead, denial of an application for benefits may only be appealed to the BVA. See 38 U.S.C. § 7104(a) ("All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the [BVA]."). BVA decisions, in turn, may only be appealed to the United States Court of Appeals for Veterans Claims. See 38 U.S.C. § 7252(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the [BVA]."). Decisions of that court are then reviewable by the United States Court of Appeals for the Federal Circuit. See 38 U.S.C. § 7292(c) (granting the United States Court of Appeals for the Federal Circuit exclusive jurisdiction to review the denial of veterans' benefits by the United States Court of Appeals for Veterans Claims).

5

Nor does this Court have jurisdiction over Ms. Hickman's claims based on the Federal Tort Claims Act ("FTCA"). See Compl. ¶ 2 (alleging that "this court has the authority to grant monetary relief under 28 U.S.C. § 1346(b)"). Although the FTCA "waives sovereign immunity as to claims arising in tort," it expressly vests federal district courts with "exclusive jurisdiction" to entertain those claims. Awad v. United States, 301 F.3d 1367, 1372 (Fed. Cir. 2002); see also 28 U.S.C. § 1346(b).

Similarly, this Court does not possess jurisdiction to entertain Ms. Hickman's remaining tort claims on any other basis. See Compl. ¶ 5 (accusing the VA of conspiracy to commit fraud, as well as fraudulent misrepresentation and concealment). "The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing 28 U.S.C. § 1491(a)(1)). Indeed, the Tucker Act expressly limits this Court's jurisdiction to claims for damages "not sounding in tort." 28 U.S.C. §1491(a)(1). See Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993). Ms. Hickman's various tort claims of misrepresentation, fraud, and conspiracy must, therefore, be dismissed for lack of subject-matter jurisdiction. See Berdick v. United States, 612 F.2d 533, 536 (Fed. Cir. 1979) (conspiracy is a tort); Jumah v. United States, 90 Fed. Cl. 603, 607-08 (2009) (misrepresentation is a tort that falls outside this Court's jurisdiction); Phang v. United States, 87 Fed. Cl. 321, 325 (2009) (no jurisdiction over fraud claims that sound in tort).

Ms. Hickman's claims under the Due Process and Equal Protection Clauses are similarly beyond this Court's jurisdiction as those constitutional provisions are not money mandating. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that "alleg[ed] violations of [plaintiff's] rights under the Due Process Clauses of the Fifth and Fourteenth Amendments, [and] the Equal Protection Clause of the Fourteenth Amendment" are not "a sufficient basis for jurisdiction because they do not mandate payment of money by the Government"); Carruth v. United States, 627 F.2d 1068, 1081 (Ct. Cl. 1980) (holding that the Court does not possess jurisdiction "over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment, because these constitutional provisions do not obligate the Federal overnment to pay money damages").[4]

Finally, this Court does not possess jurisdiction to entertain claims for damages based on civil rights violations brought pursuant to 28 U.S.C. § 1343(a)(1)-(4) and 42 U.S.C. § 1985(3), because jurisdiction over such claims resides exclusively in the district courts. See 28 U.S.C. § 1343(a) (stating that "district courts shall have original jurisdiction" over civil claims brought pursuant to 42 U.S.C. § 1985); Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009); Marlin v.

---

[4] In her response to plaintiff's motion to dismiss, Ms. Hickman alleged for the first time that the government violated her First Amendment rights. Pl.'s Resp. 8 ("Plaintiff[']s] claims are pursuant to the U.S. Constitution involving the First Amendment, the prohibited practice that prevented Plaintiff the right to petition the government in redress regarding a pro hac vice divorce."). The Court also lacks jurisdiction over this claim. The First Amendment is not a money mandating provision of the Constitution. United States v. Connolly, 716 F.2d 882, 886-87 (Fed. Cir. 1983) ("We agree with the Court of Claims that the first amendment, standing alone, cannot be so interpreted as to command the payment of money.").

United States, 63 Fed. Cl. 475, 476 (2005). Thus, to the extent that Ms. Hickman relies on 42 U.S.C. § 1985(3) in conjunction with 28 U.S.C. § 1343(a)(l)-(4) as a source of substantive law that provides a right to money damages, her reliance on those provisions is misplaced. See Sharpe v. United States, 112 Fed. Cl. 468, 476 (2013) (holding that "jurisdiction to hear such a claim belongs exclusively to the district courts, and the Court of Federal Claims is not a district court" (internal citations omitted)).

## CONCLUSION

For the reasons set forth above, plaintiff's motion for the undersigned judge to recuse herself is **DENIED**, the government's motion to dismiss under RCFC 12(b)(1) is **GRANTED**, and plaintiff's complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction. Each side shall bear its own costs. The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge